IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRIAN BARKSDALE, #00711336,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:15-CV-3080-L-BK |
| | § | |
| **WILLIAMS STEPHENS, Director** | § | |
| **TDCJ-CID,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge. Petitioner, a state prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition be summarily dismissed.

**I. BACKGROUND**

In 1991, Petitioner pled guilty to two charges of delivery of a controlled substance, and received ten years' deferred adjudication probation for each. *State v. Barksdale*, No. F90-55882, *Order of Probation without Adjudication of Guilt* (Dallas Cty. Crim. Dist. Ct. No. 2, Jul. 11, 1991); *State v. Barksdale*, No. F91-39837, *Order of Probation without Adjudication of Guilt* (Dallas Cty. Crim. Dist. Ct. No. 2, Jul. 11, 1991).[1] In March 1995, while on probation, Petitioner pled guilty in a Tarrant County district court to robbery in cause number 0549035A, and was sentenced to 8 years' imprisonment. Doc. 4 at 2. Subsequently, on May 11, 1995, the Dallas County district court revoked Petitioner's probation in the controlled substance cases, adjudged

---

[1] The docket sheets are available at http://courtecom.dallascounty.org/pav/. The order in No. F91-39837 is reflected on the scanned copy of the criminal docket sheet.

him guilty, and sentenced him to 20 years' imprisonment. *State v. Barksdale*, No. F90-55882, *Judgment Adjudicating Guilt*; *State v. Barksdale*, No. F91-39837, *Judgment Adjudicating Guilt*.

In December 2003, Petitioner completely discharged the sentence in his Tarrant County robbery case and, in December 2009, he was released on parole in the Dallas County drug cases.[2] Doc. 4 at 2. He remained on parole until March 2014, when he was arrested on a new charge of possession of a controlled substance pending in Tarrant County case number 1334680. Doc. 4 at 2, 7-8. On November 22, 2014, after his convicted in the new Tarrant County drug case, his parole in the Dallas County drug cases was revoked. Doc. 4 at 2, 8.

Petitioner now challenges on due process grounds (1) the forfeiture of so-called street-time credit (4 years, 1 month, and 15 days) following the 2014 parole revocation in his Dallas drug cases, and (2) the denial of a timely final parole revocation hearing. Doc. 3 at 6. Before filing this action, he unsuccessfully sought relief on the first claim through a Time Dispute Resolution and state habeas proceedings. *See Ex parte Barksdale*, No. WR-69,606-04 (Tex. Crim. App. Aug. 12, 2015) (denying state habeas application without written order on trial court's findings); *Ex parte Barksdale*, No. WR-69,606-05 (Tex. Crim. App. Aug. 12, 2015) (denying state habeas application without written order on trial court's findings).[3]

---

[2] Petitioner also references an earlier release on parole that is not at issue in the instant case. Doc. 4 at 2.

[3] The docket sheets are available at http://www.search.txcourts.gov/Case.aspx?cn=WR-69,606-04&coa=coscca; and http://www.search.txcourts.gov/Case.aspx?cn=WR-69,606-05&coa=coscca.

## II. ANALYSIS

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts. Upon review of the petition in the instant case, Petitioner is not entitled to federal habeas relief from his state court convictions. Thus, his section 2254 habeas petition is subject to summary dismissal.

**Forfeiture of Street-Time Credit (Claim 1)**

Petitioner cannot prevail on his due process claim unless he has a liberty interest in the forfeited street-time credit under Texas law. *Rhodes v. Thaler*, 713 F.3d 264, 266 (5th Cir. 2013).

Texas Government Code § 508.283 governs parole revocations that occurred after September 2001, and, thus, controls the November 2014 parole revocation at issue in this case. It reads in pertinent part:

> (b) If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. <u>The remaining portion is computed without credit for the time from the date of the person's release to the date of the revocation</u>.

TEX. GOV'T CODE § 508.283(b) (West 2016) (emphasis added). The referenced provision of 508.149(a) lists the violent offenses for which an inmate is ineligible for mandatory supervision.[4]

---

[4] The incorporation of section 508.149(a) into section 508.283 invokes the version of section 508.149(a) current at the time of revocation. *Ex parte Noyola,* 215 S.W.3d 862, 867 (Tex. Crim. App. 2007) (holding the legislature intended the two sections to "work in tandem when determining whether an inmate is eligible for street-time credit"). Because the revocation of Petitioner's parole occurred in 2014, the version of section 508.149(a) in effect at that time controls whether credit for street-time must be forfeited.

3

*Rhodes*, 713 F.3d at 266.  That list includes the offense of robbery.  *See* TEX. GOV'T CODE § 508.149(a)(11) (citing TEX. PENAL CODE § 29.02, Robbery).  Specifically, section 508.149(a) provides that an inmate is ineligible for mandatory supervision if he is "serving a sentence for <u>or has been previously convicted of</u>" one of these offenses.

Contrary to Petitioner's assertion, Petitioner's March 2015 Tarrant County robbery conviction makes him ineligible for mandatory supervision for the parole revocation sentences in the two Dallas County drug cases.  While Petitioner is not presently "serving a sentence for" an offense listed in section 508.149(a), the appropriate inquiry under section 508.149(a) is whether he "*has been previously convicted of*" such an offense.  And, as the state habeas court and TDCJ correctly found following his 2014 parole revocation, he has:

> Because applicant has a prior conviction for an offense listed under Section 508.149 Texas Government Code, (robbery causing bodily injury, under cause number 0549035A), he is not eligible for "street-time credit" and was charged with out of custody for the time spent on supervision, 4 years, 1 month, and 15 days.  TEX. GOV'T CODE § 508.283(b).

*Ex Parte Barksdale*, No. W90-55882B, *July 23, 2015 Findings of Fact and Conclusions of Law* (with *Affidavit from Charley Valdez*, Program Supervisor III, Classification and Records Department of TDCJ); *Ex Parte Barksdale*, No. W91-39837C, *Findings of Fact and Conclusions of Law* (with *Affidavit from Charley Valdez*).[5]

Petitioner maintains that he neither committed nor was convicted of robbery prior to the 1990 offenses for delivery of a controlled substance.  Doc. 4 at 6.  The record belies his assertion, however.  Petitioner pled guilty to robbery causing injury and was sentenced to 8

---

[5] The trial court's findings of fact and conclusions of law, with attached affidavits, are available at http://courtecom.dallascounty.org/pav/.

years' imprisonment in March 1995. It was not until about two months later, in May 1995, that Petitioner was adjudicated guilty and sentenced to 20 years' imprisonment for two Dallas County drug offenses committed in 1990 (his holding convictions). *See Ex Parte Keller*, 173 S.W.3d 492, 496 (Tex, Crim. App. 2005) ("Under the plain language of § 508.149(a), a previous conviction is one obtained before the holding conviction, not after the holding conviction.").[6] Thus, he clearly was not entitled to street-time credit under the applicable state statutes.

For the foregoing reasons, Petitioner had no protected liberty interest in the street-time credit that he had accrued before his 2014 parole revocation. Consequently, he cannot establish a violation of his due process rights and his first ground fails to present a cognizable constitutional claim.

### **Denial of a Timely Final Revocation Hearing (Claim 2)**

Petitioner's second claim likewise fails. A petitioner must fully exhaust state remedies by fairly presenting the factual and legal basis of any claim to the highest state court for review before seeking federal habeas relief. See 28 U.S.C. § 2254(b); *Morris v. Dretke*, 413 F.3d 484, 490-491 (5th Cir. 2005). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of

---

[6] Petitioner misapprehends *Ex Parte Keller*. In that case, Keller's holding conviction for the 1992 burglary of a vehicle occurred *before* his 1997 conviction for indecency with a child, making him eligible for street-time credit. Here, however, while Petitioner pled guilty to the Dallas County drug offenses (his holding offenses) before the commission of the Tarrant County robbery, he was not actually adjudicated guilty and convicted of those offenses until May 1995, *after* his conviction in March 1995 of the Tarrant County robbery. *Id.*, 173 S.W.3d at 493. Thus, unlike Keller, Petitioner is ineligible for street-time credit.

the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Failure to exhaust is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause or prejudice for the default or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-524 (5th Cir. 2008).

Petitioner did not exhaust the claim that the Texas Board of Pardons and Parole failed to conduct a timely, final parole revocation hearing in violation of his due process rights. Doc. 4 at 7-8. The claims raised in his state habeas applications challenged only the denial of street-time credit. *Compare* Doc. 3 at 6 and Doc. 4 at 7, *with* state habeas applications in *Ex Parte Barksdale*, No. W90-55882B, and *Ex Parte Barksdale*, No. W91-39837C.[7] Petitioner has not alleged, much less shown, cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claim. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *modified by Martinez v. Ryan*, --- U.S. ---, 132 S. Ct. 1309 (2012). Thus, Petitioner's failure to exhaust constitutes a procedural default that bars this Court from considering his second claim. *Morris*, 413 F.3d at 491-492; *Ries*, 522 F.3d at 523-524.

That notwithstanding, Petitioner's challenge to the timing of the final revocation hearing raises only a violation of state law. Doc. 4 at 8-9 (citing to state statutes). Federal habeas relief is available only for the vindication of rights existing under federal law, not rights existing solely under rules of state procedure or alleged violations of state law. *See Manning v. Blackburn*, 786

---

[7] The state habeas applications are available at http://courtecom.dallascounty.org/pav/.

6

F.2d 710, 711 (5th Cir. 1986). In any event, the state statutory deadline to conduct a final parole revocation hearing is inapplicable in light of Petitioner's subsequent indictment and conviction of the Tarrant County drug offense. *See* TEX. GOV'T CODE § 508.281(a)(1); *see Ex parte Cordova,* 235 S.W.3d 735, 736 (Tex. Crim. App. 2007) ("Applicant has been indicted for a new offense; therefore the forty-one day deadline for giving Applicant his final parole revocation hearing under Texas Gov't Code Section § 508.282(a)(1) does not apply."); *see also* TEX. GOV'T CODE § 508.281(b) (determination that a parolee has been sentenced to a term of confinement for a new felony offense is sufficient hearing for revocation). In addition, based on the facts of this case, Petitioner cannot show that an unreasonable delay in the final parole revocation proceeding resulted in actual prejudice. *See Baca v. Owens,* 293 Fed. App'x 247, 251 (5th Cir. 2008) (summarizing applicable standards under *Morrissey v. Brewer,* 408 U.S. 471, 482 (1972), and *Villarreal v. United States Parole Comm'n,* 985 F.2d 835, 837 (5th Cir.1993)).[8]

Accordingly, the second claim should be dismissed with prejudice as unexhausted and procedurally barred.[9] In the alternative, because Petitioner has failed to establish that his federal constitutional right to due process of law was violated, his claim should be denied on the merits.

---

[8] Petitioner relies on *Cordova* for the proposition that he was entitled to a preliminary hearing within a reasonable time. Doc. 4 at 9. However, as previously noted, he had a preliminary revocation hearing in March 2014 shortly after his arrest. Doc. 4 at 7. Likewise, unlike *Ex parte King*, 930 S.W.2d 97 (Tex. Crim. App. 1996), Petitioner was not held solely on the basis of a parole revocation warrant. Doc. 4 at 9.

[9] Courts can raise procedural bars *sua sponte* but only after giving the petitioner an opportunity to respond. *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998). Here, Petitioner will have adequate notice and an opportunity to respond to the procedural default ruling during the 14-day period for filing objections to the findings, conclusions and recommendation. *See id.* (Magistrate Judge's finding and recommendation provided habeas petitioner reasonable opportunity to oppose application of the procedural default doctrine).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED WITH PREJUDICE**.

**SIGNED May 3, 2016**.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE