IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRIAN BARKSDALE, #00711336,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-3080-L |
| | § | |
| **LORIE DAVIS, Director, TDCJ-CID,**[1] | § | |
| | § | |
| Respondent. | § | |

# ORDER

Before the court is Petitioner Brian Barksdale's ("Petitioner") *pro se* writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed September 22, 2015. The case was referred to Magistrate Judge Renee Harris Toliver for screening, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on May 3, 2016, recommending that the court summarily dismiss with prejudice the petition. Petitioner filed his objections to the Report on May 23, 2016. The postmark on Petitioner's objections indicates that his objections were mailed on May 16, 2016. Objections to the Report must be filed within fourteen days of service. Fed. R. Civ. P. 72(b)(2). When a party is served by mail, three days are added to the time to respond or act. *See* Fed. R. Civ. P. 6(d). Service of a document is complete upon placement in the mail; therefore, the objections were filed within seventeen days of the issuance of the Report and are timely. Fed. R. Civ. P. 5(b)(2)(C).

Petitioner filed three objections to the Report. The court overrules two objections and sustains one. Petitioner first objects to the finding that he was arrested for possession of a

---

[1] Petitioner brought this action against William Stephens in his official capacity. He is no longer the Director of TDCJ-CID. Pursuant to Federal Rule of Civil Procedure 25(d), Lorie Davis, his successor, has been substituted as a party.

**Order – Page 1**

controlled substance in case number 1334680, pending in Tarrant County.  Petitioner contends that he was never arrested "under number 1334680."  Pet'r's Obj. to Report 1.  Petitioner is correct.  A search of his record reveals that he was arrested in case number 133468D.  The court, therefore, **sustains** this objection; however it does not change the outcome.  Petitioner's remaining objections misapprehend Texas Government Code § 508.283 and the availability of federal habeas relief for the vindication of rights existing under federal law, and reiterate the contentions in his petition.  The court, therefore, **overrules** Petitioner's second and third objections.

Having reviewed the file, record in this case, Report, and conducted a de novo review of the portion of the Report to which Petition objects, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  Accordingly, the court **dismisses with prejudice** the petition.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability. The court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation filed in this case in support of its finding that Movant has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[2]

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings reads as follows:
**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**Order – Page 2**

In the event Petitioner will file a notice of appeal, the court notes that he must pay the filing fee of $505 or file a motion for leave proceed *in forma pauperis* on appeal.

**It is so ordered** this 31st day of May, 2016.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge

---

(**b**) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 3**